862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Cameron FRYE, Plaintiff-Appellant,
v.
Joe HAMILTON, Defendant-Appellee.
 No. 88-7693.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: Nov. 10, 1988.
 
 Donald Cameron Frye, appellant pro se.
 Lucien Capone, III (Office of the Attorney General), for appellee.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Frye, a North Carolina inmate, appeals from an order of the district court granting summary judgment to the defendant, Hamilton.[1] Frye's action below, brought under 42 U.S.C. Sec. 1983, is based on a claim that prison officials have failed to provide a smoke-free environment despite his allergy to tobacco smoke. Frye contends that, as a result of the excessive "passive" tobacco smoke he has been subjected to, he suffers a sore throat, constant headaches, high blood pressure, breathing difficulties, eye irritation, and loss of sleep. Because we conclude that Hamilton has made reasonable efforts at attempting to treat Frye's condition, we find no deliberate indifference to Frye's medical need, see Estelle v. Gamble, 429 U.S. 97 (1976), and affirm.
 
 
 2
 The gravamen of Frye's complaint is that prison officials failed to treat adequately his allergic condition. To establish an eighth amendment claim under these facts, Frye must show a serious medical need and deliberate indifference by prison officials to that need. Estelle v. Gamble, supra. Although Frye has submitted substantial information concerning the health consequences of passive smoke inhalation, we note that he has not produced readily available medical documentation of his specific problems.[2] While we do not consider this defect fatal, by itself, we are hesitant to hold that the maladies alleged here are "serious" without more than Frye's conclusory statements. Nonetheless, we need not decide this question because it is clear that Frye cannot establish deliberate indifference to his needs. The record shows that prison officials have provided Frye open access to emergency treatment and medication to alleviate symptoms, and offered him specialized treatment at the allergy clinic. Moreover, Hamilton asserts, and Frye does not refute, that the ventilation systems in North Carolina prisons are being renovated to meet standards of the American Correctional Association. Taken together, we deem these efforts more than sufficient to satisfy Hamilton's constitutional obligations. See Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986).
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Hamilton is the Director of the Division of Prisons in the North Carolina Department of Corrections
 
 
 [2]
 Frye was offered an appointment at the allergy clinic but refused to go because he would have to ride in a smoke-filled van for an extended period